Charles O. CLARKE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16722.

United States Court of Appeals District of Columbia Circuit.

Argued March 7, 1962.

Decided March 29, 1962.

Petition for Rehearing Denied April 18, 1962.

Mr. George R. Gallagher, Washington, D. C. (appointed by this court), for appellant.

Mr. Anthony G. Amsterdam, Asst. U. S. Atty., with whom Messrs. David C.

**544**

Acheson, U. S. Atty., Nathan J. Paulson, and Thomas A. Flannery, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

### PER CURIAM.

Appellant was convicted by a jury on each of two counts of an indictment, one under the so-called White Slave Act,[1] the other under the related provision of the District of Columbia Code.[2] The sentences are concurrent.

The principal contention urged by able counsel appointed by this court is that it was reversible error for the trial judge, at the conclusion of his charge to the jury, to refuse to grant an oral request then made that the charge be enlarged to include a specific reference to defendant's theory of the evidence.

The court, Judge Jackson sitting, had not reviewed or commented upon any of the evidence in the charge to the jury. The elements essential to be found by the jury beyond a reasonable doubt in order to convict were explained without reference to any aspect of the evidence. In view of this, and the circumstances of the case as a whole, including the omission of counsel prior to the charge to suggest or formulate the desired instruction,[3] we think it was not reversible error for the court to refuse to reopen its charge as requested. Compare Levine v. United States, 104 U.S.App.D.C. 281, 261 F.2d 747.

We note appellant's request that a ruling be reserved as to the authority of the trial judge to preside, pending decision by the Supreme Court in Lurk v. United States, 111 U.S.App.D.C. 238, 296 F.2d 360, cert. granted, 368 U.S. 815, 82 S.Ct. 110, 7 L.Ed.2d 23. In view of this court's decision in Lurk, and the procedural avenues available to appellant to preserve his rights, we do not think that a postponement of our decision of this case is required.

We have considered appellant's other contentions and find no error.

Affirmed.

---

1. 18 U.S.C. § 2421 (1958).

2. 22 D.C.Code § 2705 (1961).

3. See Fed.R.Crim.P. rule 30, 18 U.S.C. We note that appellant does not show any prejudice resulting from the refusal of the trial court to grant his request. Cf. Rule 52(b) Fed.R.Crim.P. We note further that the accused took the stand, and made his version of the facts quite clear to the jury.